[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S POST-JUDGMENT MOTION FOR ARTICULATION
The plaintiff-husband has moved this for articulation of its Memorandum of Decision dated August 21, 1998 in the above caption action for dissolution of marriage. Specifically, the court was asked to articulate its orders concerning a lien on the plaintiff's pension fund to secure payment of an award of periodic alimony to the defendant-wife. The court was also asked to articulate its orders concerning transportation of the minor child for visitations and concerning summer vacation visitation.
I. LIEN TO SECURE PERIODIC ALIMONY 
At the time of judgment the court ordered that the plaintiff pay to the defendant periodic alimony in the approximate amount of $5,720.00 per year[1] a maximum period of eight (8) years and further ordered that a lien on the plaintiff's pension be required to secure the periodic alimony payable to the defendant. The plaintiff reported the value of that 401(k) plan to be $100,442.00 in his financial affidavit at the time of trial. The order for a lien on that asset was based, in part, upon the finding by the court that the plaintiff had used and had failed CT Page 3041 to account for at least $2,500.00 in marital funds during the marriage.
The need for such a lien and the amount and nature of such a lien were the subject of oral argument at the time this motion was heard.
The court makes its order regarding such lien more specific. For so long as the plaintiff is required to pay periodic alimony to the defendant, the defendant shall be entitled to a lien on the plaintiff's 401(k) account as follows: should the plaintiff fall into arrears in the payment of his periodic alimony obligation in an amount equal to two months of alimony, the defendant shall be entitled to encumber the plaintiff's equitable interest in his 401(k) account with a lien in the amount of $50,000.00. Any fees or costs arising from such lien, including attorney fees, shall be the sole responsibility of the plaintiff In addition, the plaintiff is to provide the defendant and her counsel at least thirty (30) days advance notice of any transfer, assignment or any other reduction of funds in said account which will reduce the value of said 401(k) account below the amount of $50,000.00. The plaintiff shall provide the defendant and her counsel with a quarterly statement regarding the current balance such funds beginning April 15, 1999. Nothing in this order shall prevent the defendant from seeking any other remedies for nonpayment as provided for under law or practice rules including a motion or citation for contempt.
II. CHILD VISITATION ISSUES
The court orders in the Memorandum of Decision did not specifically address the issue of who shall transport the child at visitation times. The plaintiff-father had requested that the transportation be shared equally by both parents. The defendant-mother's proposed orders were silent as to transportation of the child.
The minor child, Kevin, was born on August 19, 1993. At the time of this order he is approximately five and one-half (51/2) years old. The court has not had the benefit of any input from the Family Relations office about Kevin since the date of the trial. Having considered the respective positions of the parties and taking into consideration the best interest of the minor child and the criteria of Sec. 46b-84 of the General Statutes, the court articulates its orders concerning child visitation as CT Page 3042 follows.
The plaintiff father is allowed to enjoy his two week summer vacation with Kevin on consecutive weeks if he gives at least four weeks notice to the defendant of the dates and itinerary of such vacation including, but not limited to, all information necessary to permit daily telephone contact with the child during such vacation period.
The plaintiff is to remain primarily responsible for transporting the minor child to and from mother's home for routine visitation periods. Due to the variety of changes in the issues which have a direct impact on visits, such as mother's new residence in Southington and the impact a full school day will have on the child's daily schedule, the court lacks the specific information necessary to make any modifications to the routine visitation orders currently in effect. Father's request for such modifications must be referred to Family Relations for mediation if there is no agreement between the parties.
By the Court,
Joseph W. Doherty Judge